## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR147 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| RAFAEL POSADAS, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motions to dismiss filed by defendant Rafael Posadas (Posadas) (Filing Nos. 5, 23 and 33). Posadas is charged in the Indictment with the possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Posadas seeks to dismiss the Indictment because (1) the present Indictment involves the same offense for which a previous Indictment was dismissed after evidence was ordered suppressed (Filing No. 5); (2) there was prosecutorial misconduct before the grand jury which returned the Indictment (Filing No. 33); and (3) the defendant's right to a speedy trial has been violated (Filing No. 23).

An evidentiary hearing was held on Posadas's motions on May 13, 2009. Posadas was present for the hearing along with his counsel, J. William Gallup. The United States was represented by Assistant U.S. Attorney Nancy A. Svoboda. During the hearing, the court heard the testimony of Christine Moraczewski (Ms. Moraczewski) from the Nebraska State Patrol (NSP) Crime Lab. The court received into evidence the following exhibits: Exhibit 1 - a report from the NSP Crime Lab; Exhibit 2 - a letter from the California DNA Laboratory; Exhibit 3 - a letter report to Eberle from the NSP Crime Lab; Exhibit 4 - a computer printout of a criminal history of Posadas. The court also took judicial notice of all filings in the case of **United States v. Posadas**, 8:08CR238 (D. Neb.). A transcript of the hearing (TR.) was filed on May 26, 2009 (Filing No. 35).

## FINDINGS OF FACT

This case has a tortured past. Posadas was arrested at the Amtrak Station in Omaha on April 17, 2008, by officers of the Commercial Interdiction Unit (CIU) Nebraska

State Patrol (NSP) following Posadas's removal from the east-bound Amtrak train and a search of Posadas and his luggage.  The luggage contained several cans containing a large amount of cocaine.  Posadas filed a motion to suppress the evidence seized and statements he made on April 17, 2008.  Following an evidentiary hearing, the undersigned magistrate judge recommended to Chief Judge Bataillon that the motion to suppress the evidence seized from the abandoned luggage be denied but granted as to evidence obtained subsequent to Posadas's removal from the Amtrak train.  Over the government's objection, on December 29, 2008, Chief Judge Bataillon adopted the Report and Recommendation and suppressed evidence obtained subsequent to Posadas's removal from the Amtrak train.  On January 27, 2009, the government filed an interlocutory appeal to the Eighth Circuit concerning the suppression of the evidence.  On February 17, 2009, the Eighth Circuit granted the government's motion to dismiss the interlocutory appeal.

In the meantime, the government had obtained a search warrant to obtain a buccal swab from Posadas in order to compare DNA with the DNA found in the abandoned luggage.  After obtaining the buccal swab from Posadas, the government  prepared to go to trial on the Indictment.  Posadas filed a motion to suppress the buccal swab.  On February 25, 2009, Chief Judge Bataillon granted Posadas's motion and suppressed the evidence obtained from the buccal swab search warrant.   On March 2, 2009, the government again filed an interlocutory appeal to the Eighth Circuit concerning the suppression of the buccal swab.  On March 5, 2009, Posadas was released from detention and his custody was transferred to the U.S. Immigration and Customs Enforcement (ICE) who had placed a detainer with the U.S. Marshal.  On April 13, 2009, the government moved to dismiss this second interlocutory appeal and the Eight Circuit dismissed the appeal on April 15, 2009.   On April 15, 2009, Chief Judge Bataillon dismissed the Indictment without prejudice on motion of the government.

On April 22, 2009, the Grand Jury returned the present Indictment.  This Indictment charged the exact same offense and language as in the earlier Indictment.  On April 27, 2009, Posadas filed a motion to release the grand jury testimony and to dismiss the Indictment (Filing No. 5).  Posadas was arraigned on the Indictment on April 30, 2009, and during this appearance, the court granted Posadas's motion for release of grand jury

testimony (Filing No. 10).  The court directed the preparation of the grand jury transcript which was filed under seal on May 8, 2009 (Filing No. 20).

At the evidentiary hearing on May 13, 2009, Ms. Moraczewski testified she was employed as a DNA forensic scientist for the NSP Crime Lab and as the administrator for the State of Nebraska for the Combined DNA Index System (CODIS) (TR. 8).  CODIS is a national database of DNA profiles which is administered by the Federal Bureau of Investigation (FBI) (TR. 12).  There are three levels to CODIS - the local DNA index system, the state DNA index system, and the national DNA index system (TR. 11).  Nebraska having only one DNA lab serves both as a local and state DNA lab (TR. 11).  Other states, like California, have many DNA labs (TR.11).  Results and profiles from processing evidence samples and offenders are uploaded into the system through the local index, to the state index, and, in turn, to the national index (TR. 11).  Each of the local labs and state labs are to upload their DNA profiles on certain schedules and the FBI runs a national search for matching profiles every Monday (TR. 12).  Matches found at the national level are then transmitted back to the various labs through the CODIS software program (TR. 13).

On February 26, 2009, Ms. Moraczewski was contacted by NSP Investigator Eberle who asked Ms. Moraczewski for the procedures to submit a CODIS request for a DNA sample tested by a medical center in Omaha (TR. 13-14).  Ms. Moraczewski received a fax the following day, February 27, 2009, from Investigator Eberle seeking a CODIS upload search request regarding DNA obtained from clothing found in an abandoned suitcase (TR.14-15).  Investigator Eberle requested Ms. Moraczewski contact the California state database administrator and ask him/her to do a search of the DNA profile obtained from the abandoned luggage against the California state DNA database (TR. 15).  Ms. Moraczewski contacted the medical center for the case file on the DNA sample from the abandoned suitcase, reviewed it, and faxed a search request on March 12, 2009, to Jim Weigand an alternate CODIS administrator for the state of California (Exhibit 1; TR. 15-16).  On April 3, 2009, Ms. Moraczewski received a response from the California CODIS Administrator identifying a match to the DNA of Posadas on file in California (Exhibit 2; TR.

16-17).  In turn, Ms. Moraczewski notified Investigator Eberle of the CODIS match by letter of April 3, 2009 (Exhibit 3; TR. 17).

Following the notification of the DNA match to Posadas, the government re-presented the case to the grand jury in the District of Nebraska on April 20, 2009 (Filing No. 20).  The grand jury was informed of the original stop, the suppression of the evidence by the court, and the dismissal of the previous Indictment.  Investigator Eberle testified that clothing was found in the abandoned suitcase which contained the cocaine and this clothing contained sufficient data for a DNA sample.  Investigator Eberle testified that a buccal swab was obtained from Posadas.  The grand jury was informed that the buccal swab evidence taken from Posadas was also suppressed by the court.  The grand jury was informed that the DNA sample which was taken from the clothing was then compared to the DNA files in California where a previous DNA sample had been obtained from Posadas unrelated to either Nebraska criminal case.  The comparison provided a match of the clothing to Posadas.  The grand jury then returned the instant Indictment against Posadas charging the same language as in the previous Indictment.

## LEGAL ANALYSIS

Posadas moves to dismiss the present Indictment based on the previous rulings of the court regarding the suppression of evidence and upon prosecutorial misconduct before the grand jury.  The court previously suppressed evidence obtained from Posadas after he was removed from Amtrak train on August 17, 2008.  However, the government's present Indictment is based upon DNA samples obtained from the abandoned luggage containing the cocaine and the clothing which was seized prior to the removal of Posadas from the train.  Since the DNA samples were obtained from abandoned property, Posadas has no standing to object to the seizure under the Fourth Amendment.  Here, Posadas denied ownership of the suitcase on the train.  By denying ownership of the suitcase, the defendant abandoned the suitcase.  **See *United States v. Sanders***, 130 F.3d 1316, 1317-18 (8th Cir. 1997).  "A warrantless search of abandoned property does not violate the Fourth Amendment, as any expectation of privacy in the item searched is forfeited upon its abandonment."  ***United States v. James***, 353 F.3d 606, 615-16 (8th Cir. 2003); **see *Abel***

4

*v. United States*, 362 U.S. 217, 241 (1960).  Alternatively, the defendant lacks standing to contest such a search.  **See *United States v. Thompson***, 359 F. Supp. 2d 862, 865-66 (D. N.D. 2005) (listing cases).  Accordingly, Posadas's attack on the DNA samples from the clothing in the abandoned suitcase is without merit.

Posadas also attacks the **comparison** of the DNA sample obtained from the clothing in the abandoned suitcase to the CODIS system's DNA sample of Posadas filed in the California DNA state database.  Posadas argues the government would not have known to compare the clothing DNA sample with the California state database unless the government would have known Posadas was from California which was learned from Posadas's unlawful detention following his removal from the train.  As such, Posadas claims the comparison would be tainted and subject to suppression under ***United States v. Wong Sun***, 371 U.S. 471 (1963).  Posadas's position would have some merit if the government only learned where Posadas was from through the post-detention process after Posadas was removed from the train.  However, the CIU officers aboard the train talked with Posadas and learned he was from California **before** Posadas was removed from the train.  Investigator Eberle testified in the original suppression hearing that Posadas stated he was coming from Stockton, California, when questioned by the CIU officers on the train (Filing No. 26, TR. p. 61 in 8:08CR238).  When the CIU checked Posadas's identification that Posadas provided to the CIU officers on the train, the CIU officers discovered Posadas had a positive criminal history in California (Filing No. 26, TR. p. 67 in 8:08CR238).  Accordingly, the CIU's officer's knowledge of Posadas's California connections was not tainted by Posadas's subsequent removal from the train.  Therefore, the comparison with the California DNA database was not the fruit of an unlawful search or seizure prohibited by ***Wong Sun***.

Posadas also seeks to dismiss the Indictment for misconduct before the grand jury.  Having reviewed the transcript of the grand jury proceedings (Filing No. 20 - Sealed), the government's counsel candidly informed the grand jury of the prior proceedings in the case and the rulings by the court in suppressing evidence.  Investigator Eberle's testimony correctly informed the grand jury of Posadas's DNA match through CODIS as a result of the DNA sample obtained from the items in the abandoned luggage.  The grand jury was

5

neither misled nor prejudiced by the recitation of the prosecutor or Investigator Eberle in the presentation of the case.  Posadas's motion to dismiss for misconduct before the grand jury is without merit.

Posadas also seeks to dismiss the Indictment for violation of his statutory right to a speedy trial.   The present Indictment in 8:09CR147 is identical to the Indictment in 8:08CR238, which was dismissed.  It is in the nature of a superseding indictment.   "A superseding indictment which merely embellishes an earlier charge, or which makes only technical changes, such as accusational (sic) dates, will not reset the speedy trial clock." **United States v. Savage**, 863 F.2d 595, 597 (8th Cir. 1988) (**citing United States v. Napolitano**, 761 F.2d 135 (2nd Cir. 1985)).  Accordingly, the seventy-day limitation under the Speedy Trial Act in this case runs from the time of the original Indictment in 8:08CR238. A calculation of the excludable times in both cases indicate only fifty-four days have run on the speedy trial clock when both indictment are combined.  The time is calculated as set forth below.

| Date | Event | Excludable 18 U.S.C. § 3161(h) | Days Elapsed |
|---|---|---|---|
| 6/18/08 | Indictment | | |
| 7/1/08 | Initial Appearance w/counsel and Arraignment | | |
| 7/8/09 | Motion to Suppress | (1)(D) | 6 |
| 8/26/08 | Suppression Hearing Transcript Filed - Submitted | (1)(D) | |
| 10/16/08 | R&R on Motion to Suppress | (1)(H) | 20 |
| 12/29/08 | Order on Motion to Suppress | (1)(H) | |
| 12/30/08 | Motion for Detention Hearing | (1)(D) | |
| 1/8/09 | Hearing on Motion | (1)(D) | 3 |
| 1/12/09 | Motion to Continue Objection to Motion | (1)(D) | |
| 1/21/09 | Order on Motion to Continue to 3/2/09 - STA exclusion | (1)(H) | |

| Date | Event | | |
|---|---|---|---|
| 1/22/09 | Motion for Detention Hearing | (1)(D) | |
| 1/26/09 | Order denying Motion | (1)(H) | |
| 1/27/09 | Notice of Appeal | (1)(C) | |
| 2/9/09 | Motion to Suppress | (1)(D) | |
| 2/17/09 | Judgment and Mandate Appeal Dismissed | (1)(C) | |
| 2/25/09 | Memorandum and Order granting Motion to Suppress | (1)(H) | |
| 2/27/09 | Notice of Appeal | (1)(C) | 1 |
| 4/13/09 | Motion to Dismiss by Government | (1)(D) | |
| 4/15/09 | Order of dismissal of indictment w/o prejudice | (1)(H) | |
| 4/15/09 | Appeal dismissed | (1)(C) | 6 |
| 4/22/09 | Indictment - 8:09CR147 | | |
| 4/27/09 | Motion to Dismiss | (1)(D) | |
| 4/30/09 | Arraignment on Indictment | (3)(B)(5)* | |
| 5/12/09 | Supplemental Motion to Dismiss | (1)(D) | |
| 5/18/09 | Supplemental Motion to Dismiss | (1)(D) | |
| 5/13/09 | Evidentiary Hearing on Motion to Dismiss | (1)(D) | |
| 5/26/09 | Transcript | (1)(D) | |
| 7/14/09 | Report and Recommendation filed | (1)(H) | 18 |

Accordingly, Posadas's motion to dismiss for lack of a speedy trial should be denied.

---

* **United States v. Walker**, 363 F.3d 711, 714 (8th Cir. 2004)

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Posadas's motions to dismiss (Filing Nos. 5, 23 and 33) be denied.

### ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 14th day of July, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge